UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


STEVEN ALLAN SHAWLEY,            :
        Plaintiff               :
                                :
    v.                          :    CIVIL NO.3:CV-04-2405
                                :
                                :    (Judge Conaboy)
PENNSYLVANIA DEPARTMENT OF       :
CORRECTIONS, ET AL.,            :
        Defendants              :
_____

**MEMORANDUM**
**BACKGROUND**

     Steven Allan Shawley, an inmate presently confined at the

State Correctional Institution, Cresson, Pennsylvania, filed

this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.

Following service of the complaint, Defendants filed a motion

requesting entry of summary judgment.  See Doc. 13.  The motion

has been fully briefed and is ripe for consideration.

     Named as Defendants are the Pennsylvania Department of

Corrections (DOC), DOC Secretary Jeffrey Beard and Lieutenant

Anthony Russ of the DOC's Office of Professional Responsibility.

Shawley is also proceeding against the following officials at

his former place of confinement, the State Correctional

Institution, Dallas, Pennsylvania (SCI-Dallas): Superintendent

James Wynder, Deputy Superintendent for Security Thomas McGrady;

Mailroom Supervisor Nancy Barry; Counselors William Buffton and

Diana Dean; Captain Wayne Miller; Sergeants Phil Devers, John

1

Konicki, and Bruce Moser; Correctional Officers Fritz Bleich, Wilk[1], Bruce Ridila, John Galabinski and Mike Solarek.  Also named are various John Doe prison officials.

Shawley states that on July 18, 2004, he initiated a grievance with the DOC's Office of Professional Responsibility maintaining that various Defendants had subjected him to abuse regarding his filing of "grievances, complaints and civil actions" Doc 1, ¶ 13.  Defendants Russ and Beard allegedly failed to act on his grievance and simply referred the matter to Superintendent Wynder.  As a result of that action, Plaintiff contends that he was subjected to further retaliatory abuse.

Specifically, on July 29, 2004, prisoners in neighboring cells "started shooting urine and feces" into his cell. According to the complaint, this abuse continued non-stop into the next day for a period of eighteen (18) hours.[2]  Throughout this period and despite the fact that Shawley and his cell were covered in feces and urine, correctional staff including Defendants Miller, Bleich, Dean, Buffton, Moser, Solarek, Ridilla, and Galabinski allegedly ignored the Plaintiff's requests for assistance.

---

[1] Based on a review of the record, there is no mention of Officer Wilk's first name.

[2] Plaintiff states that at the time of the July 29, 2004 incident he was being housed in administrative custody.  However, he notes that a disciplinary custody prisoner was placed in an adjoining cell.

During the afternoon of July 30, 2004, Shawley was removed from his cell by Defendants Bleich and Konicki and placed in a cell next to a prisoner with a history of assaultive behavior. His requests to be placed in a different cell were denied. Thereafter, inmates in the adjacent cell "shot an unknown liquid into his cell causing Plaintiff to put a string around his neck at the door and blacking out." Id. at ¶ 23. As a result of both being sprayed with the liquid and his apparent suicide attempt, Shawley suffered injuries to his face and neck. He adds that despite his subsequent submission of complaints, no disciplinary or corrective measures were taken against the responsible correctional officials. In conclusion, Plaintiff contends that the Defendants' above described inactions were the result of a conspiracy and constituted a retaliatory failure to protect his safety. He additionally indicates that his injuries were also caused by the improper joint housing of administrative and disciplinary custody prisoners.

On August 2, 2004, Plaintiff was transferred to the mental health unit at the State Correctional Institution, Frackville, Pennsylvania. His complaint alleges that legal papers, including documents pertaining to a federal court case, which were left behind at SCI-Dallas were not forwarded to him. His complaint claims that those legal materials were allegedly confiscated and destroyed. Furthermore, Shawley's pending case in the Commonwealth Court of Pennsylvania was purportedly

3

dismissed because Defendant Barry and other unidentified mail room staff confiscated/obstructed correspondence from the Commonwealth Court during both September and October, 2004.

In addition to his constitutional claims of retaliation, conspiracy, failure to protect and denial of access to the court, Shawley also asserts a pendent state law claim of negligence.  He seeks injunctive relief, compensatory and punitive damages.

## **Discussion**

### **Mootness**

As noted above, the Plaintiff seeks injunctive relief, specifically, a transfer from SCI-Dallas.  It is equally well recognized that the adjudicatory power of a federal court depends upon "the continuing existence of a live and acute controversy."  Steffel v. Thompson, 415 U.S. 452, 459 (1974) (emphasis in original).  "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed."  Id. at n.10 (citations omitted).  "Past exposure to illegal conduct is insufficient to sustain a present case or controversy regarding injunctive relief if unaccompanied by continuing, present adverse effects."  Rosenberg v. Meese, 622 F. Supp. 1451, 1462 (S.D.N.Y. 1985) (citing O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974)).

Furthermore, "[a]bsent class certification, an inmate's

4

claim for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred."  Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985) (citation omitted); see also Carter v. Thompson, 808 F. Supp. 1548, 1555 (M.D. Fla. 1992).

On April 4, 2005, Plaintiff notified the Court that he had been transferred to the State Correctional Institution, Cresson, Pennsylvania (SCI-Cresson).  See Record Doc. 40.  There is no indication that Shawley will be returned to SCI-Dallas in the foreseeable future.

In light of his transfer from SCI-Dallas, Shawley has been afforded the injunctive relief sought by his complaint. Accordingly, his request for injunctive relief is subject to dismissal on the basis of mootness under the standards announced in Steffel and Wahl.

**Standard of Review**

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(c).

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  In such a situation, there can be "no genuine issue as to

> any material fact," since a complete failure of proof
> concerning an essential element of the nonmoving
> party's case necessarily renders all other facts
> immaterial.  The moving party is "entitled to a
> judgment as a matter of law" because the nonmoving
> party has failed to make a sufficient showing on an
> essential element of her case with respect to which
> she has the burden of proof.  "[T]he standard [for
> granting summary judgment] mirrors the standard for a
> directed verdict under Federal Rule of Civil Procedure
> 50(a)...."

Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, (1986).

The moving party bears the initial responsibility of stating the basis for its motion and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact.  The moving party can discharge that burden by "'showing' . . . that there is an absence of evidence to support the nonmoving party's case."  Celotex, supra, 106 S.Ct. at 2553 and 2554.  Once the moving party has satisfied its burden, the nonmoving party must present "affirmative evidence" to defeat the motion, consisting of verified or documented materials.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).  Issues of fact are "genuine only if a reasonable jury, considering the evidence presented could find for the nonmoving party."  Childers v. Joseph, 842 F.2d 689, 693-94 (3d Cir. 1988).  Only disputes over facts that might affect the outcome of the suit will preclude the entry of summary judgment.  Id.  In evaluating a motion for summary judgment, the entire record must be examined in the light most favorable to the nonmoving party.

6

**Administrative Exhaustion**

Defendants initially argue entitlement to entry of dismissal on the grounds that Shawley failed to exhaust his administrative remedies with respect to his present claims. Plaintiff counters that he did satisfy the exhaustion requirement but claims he cannot properly oppose the summary judgment motion because he has been denied writing materials, a copy of the Defendants' motion and statement of material facts and the opportunity to undertake discovery.  See Doc. 33, ¶ 6.

42 U.S.C. § 1997e(a) provides as follows:

> No action shall be brought with respect to prison conditions under Section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Section 1997e(a) requires administrative exhaustion "irrespective of the forms of relief sought and offered through administrative avenues." Porter v. Nussle, 122 S.Ct. 983, 992 (2002); Booth v. Churner, 532 U.S. 731, 741 n. 6 (2001).  Claims for monetary relief are not excused from the exhaustion requirement.  Nyhuis v. Reno, 204 F.3d 65, 74 (3d Cir. 2000). Dismissal of an inmate's claim is appropriate when a prisoner has failed to exhaust his available administrative remedies before bringing a civil rights action.  Ahmed v. Sromovski, 103 F. Supp. 2d 838, 843 (E.D. Pa. 2000).  "[E]xhaustion must occur

7

prior to filing suit, not while the suit is pending." Tribe v. Harvey, 248 F.3d 1152, 2000 WL 167468, *2 (6th Cir. 2000)(citing Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999)).

In Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003) the Court of Appeals for the Third Circuit stated that "[f]ailure to exhaust administrative remedies is an affirmative defense for the defendant to plead." See also Massey v. Helman, 196 F.3d 727, 735 (7th Cir. 2000), cert. denied, 532 U.S. 1065 (2001); Jenkins v. Haubert, 179 F.3d 19, 29 (2d Cir. 1999). Consequently, a prisoner does not have to allege in his complaint that he has exhausted administrative remedies. Ray v. Kertes, 285 F.3d 287 (3d Cir. 2002). Rather, it is the burden of a defendant asserting the defense to plead and prove it. Id.; Williams v. Runyon,130 F.3d 568, 573 (3d Cir. 1997); Charpentier v. Godsil, 937 F.2d 859 (3d Cir. 1991); Fed. R. Civ. P. 8(c).

With respect to the Plaintiff's claims of failure to protect and denial of access to the courts, the DOC has established a Consolidated Inmate Grievance Review System. DC-ADM 804 (effective January 1, 2001). With certain exceptions not applicable here, DC-ADM 804, Section VI ("Procedures") provides that, after attempted informal resolution of the problem, a written grievance may be submitted to the Grievance Coordinator; an appeal from the Coordinator's decision may be made in writing to the Facility Manager or Community Corrections Regional Director; and a final written appeal may be presented to the Secretary's Office of Inmate

8

Grievances and Appeals.

A prisoner, in seeking review through the grievance system, may include requests for "compensation or other legal relief normally available from a court." (DC-ADM 804-4, issued April 29, 1998.) Furthermore, [g]rievances must be submitted for initial review to the Facility/Regional Grievance Coordinator within fifteen (15) days after the events upon which the claims are based," but allowances of extensions of time for good cause, "will normally be granted if the events complained of would state a claim of a violation of a federal right." Id.

In support of their non-exhaustion argument, the Defendants have submitted an affidavit under penalty of perjury by the DOC's Assistant Chief Grievance Coordinator Kristen Reisinger. Reisinger states that based on her review of the DOC's computerized records, the Plaintiff initiated six (6) administrative grievances within the time period surrounding his present claims. See Doc. 22, Exhibit 1, ¶ 7. The affidavit acknowledges that one grievance regarded the alleged events of July 30, 2004. However, Reisinger avers that none of the Plaintiff's six (6) grievances addressed his present allegations of denial of access to the courts and none were appealed to final administrative review. Reisinger further notes that there is no indication that the July 30, 2004 related grievance was even appealed to the SCI-Dallas Superintendent.

A review of the undisputed record, especially Reisinger's affidavit, shows that Defendants have satisfied their burden under

<u>Williams</u> of establishing that Shawley's present civil rights allegations were not administratively exhausted.  Plaintiff has not set forth any facts to support his general contention of having satisfied the exhaustion requirement or alternatively that this Court should excuse his non-exhaustion.  It is additionally noted that since Shawley has filed an opposing response as well as other submissions since the filing of Defendants' summary judgment motion, his claim of being denied writing materials is an inadequate basis to warrant denial of the request for summary judgment.

Likewise, since Defendants have submitted a sworn affidavit regarding the contents of Shawley's administrative grievance records, the Plaintiff's vague contention that a discovery request will establish his compliance with the exhaustion requirement lacks persuasion.  Pursuant to the above discussion, dismissal of Plaintiff's civil rights claims under § 1997e(a) is appropriate.

**Personal Involvement**

Defendants' second argument maintains that there are no allegations that Secretary Beard and Superintendent Wynder were personally involved in any constitutional misconduct.  <u>See</u> Doc. 38, p. 11.  Plaintiff's opposing brief contends only that he could establish personal involvement by both Defendants through discovery.  It is noted that Shawley does not specifically identify or describe any documents that would establish the requisite personal involvement, rather, he vaguely indicates only that there

10

are facts in possession of the Defendants which would allow him to successfully establish personal involvement by Defendants Beard and Wynder in constitutional misconduct.

A plaintiff, in order to state an actionable civil rights claim, must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. <u>Groman v. Township of Manalapan</u>, 47 F.3d 628, 638 (3d Cir. 1995); <u>Shaw by Strain v. Strackhouse</u>, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

Claims brought under § 1983 cannot be premised on a theory of <u>respondeat superior</u>.  <u>Rode v. Dellarciprete</u>, 845 F.2d 1195, 1207 (3d Cir. 1988).  Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim.  <u>See</u> <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>Hampton v. Holmesburg Prison Officials</u>, 546 F.2d 1077 (3d Cir. 1976).  As explained in <u>Rode</u>:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence.  Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

<u>Rode</u>, 845 F.2d at 1207.

It is undisputed that Secretary Beard and Superintendent

11

Wynder hold supervisory positions within the DOC.  Defendants argue that Shawley's complaint does not allege that either of those supervisory Defendants personally participated in, or acquiesced in any constitutional violations.

Based on this Court's review, there are no facts set forth in the complaint which could establish that either Secretary Beard or Superintendent Wynder were aware that the Plaintiff was being subjected to abuse by his fellow prisoners.  Likewise, the complaint contains no allegations that Beard or Wynder were involved in any actions/decision made with respect to Shawley's access to writing materials or his personal legal documents.  Furthermore, Shawley's vague speculation that discovery would produce facts showing personal involvement is wholly inadequate.  The Court notes that Plaintiff has not been precluded from conducting discovery and moreover, has been afforded an ample period of time in which to do so.[3]

It is apparent that Shawley is attempting to establish liability against those two Defendants solely on the basis of their supervisory roles.  Under the standards developed in <u>Capone</u>, such allegations are insufficient for purposes of alleging personal involvement in constitutional misconduct.  Summary judgment will be granted in favor of Defendants Beard and Wynder.

---

[3] Additionally, via a letter filed on June 23, 2005, Plaintiff acknowledged receiving a copy of Defendants' supporting brief (and incorporated statement of material facts).  <u>See</u> Doc. 32.

**Eleventh Amendment**

In their reply brief, Defendants also contend that the DOC is not a proper Defendant for purposes of § 1983 litigation. <u>See</u> Doc. 34, p. 9. The United States Supreme Court has ruled that a § 1983 action brought against a "State and its Board of Corrections is barred by the Eleventh Amendment unless [the State] has consented to the filing of such a suit." <u>Alabama v. Pugh</u>, 438 U.S. 781, 782 (1978). The Court of Appeals for the Third Circuit has similarly concluded that the Pennsylvania Board of Probation and Parole could not be sued because "it is not a 'person' within the meaning of Section 1983." <u>Thompson v. Burke</u>, 556 F.2d 231, 232 (3d Cir. 1977).

In <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58 (1989), the Supreme Court reiterated its position that state agencies are not "persons" subject to liability in § 1983 actions brought in federal court. The Court noted that a § 1983 suit against a state official's office was "no different from a suit against the State itself." <u>Id</u>. at 71. "<u>Will</u> establishes that the State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in either federal or state court." <u>Howlett v. Rose</u>, 496 U.S. 356, 365 (1990). The DOC is clearly an agency of the Commonwealth of Pennsylvania, and therefore is not a person and may not be sued under § 1983. Summary judgment will be granted in favor of the DOC.

**Access to the Courts**

Finally, is well-settled that prison inmates have a

13

constitutional right of meaningful access to law libraries, legal materials or legal services.  <u>Bounds v. Smith</u>, 430 U.S. 817, 821-25 (1977).  Failure to provide inmates with legal research material or trained legal assistance can constitute a constitutional violation.  <u>Gluth v. Kansas</u>, 951 F.2d 1504, 1507 (9th Cir. 1991).  A recent opinion by the United States Supreme Court, <u>Lewis v. Casey</u>, 518 U.S. 343, 351-54 (1996), clarified that an inmate plaintiff, in order to set forth a viable claim under <u>Bounds</u>, must demonstrate that a non-frivolous legal claim had been frustrated or was being impeded.  A plaintiff must also allege an actual injury to his litigation efforts.

Based on undisputed documents submitted by the Defendants, the Commonwealth Court case referred to in the complaint, <u>Shawley v. Lavan</u>, 229 MD 2004, was dismissed on September 28, 2004 not due to any failure to act by the Plaintiff but, on the basis of mootness.  Specifically, that Shawley had been afforded the relief sought in his petition.  <u>See</u> Doc. 38, Exhibit 3.  Second, the civil rights action referenced by Plaintiff, <u>Shawley v. Clinton County Commissioners</u>, et al., Civil No. 4:04-1189, is still pending.  Moreover, said matter is presently scheduled for trial next month before Judge Malcolm Muir of this Court.

Based on those undisputed facts, Plaintiff has not satisfied his burden under <u>Lewis</u> of demonstrating an actual injury to a non-frivolous litigation effort.  In conclusion, his denial of access

14

to the courts claim cannot proceed.[4]

## Pendent Jurisdiction

Federal courts have jurisdiction over state claims which are related to the federal claims and result from a common nucleus of operative facts.  See United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966); see also Aldinger v. Howard, 427 U.S. 1, 9 (1976).  28 U.S.C. § 1367(c)(3) (1997) provides that a district court may decline to exercise supplemental jurisdiction over a claim when the court has dismissed all claims over which it has original jurisdiction.  Decisions regarding pendent jurisdiction should be premised on considerations of judicial economy, convenience and fairness to the litigants.  New Rock Asset Partners v. Preferred Entity Advancements, 101 F.3d 1492, 1505 (3d Cir. 1996)(citation omitted).

Once jurisdiction has been exercised over the state claim, elimination of the federal claim does not deprive the court of jurisdiction to adjudicate the pendent claim.  Id. (citing Lentino

---

[4] It is additionally noted that with respect to Shawley's claim of retaliation, the Plaintiff has not satisfied his burden under Rauser v. Horn, 241 F.3d 330, 333 (2001), that his exercise of a constitutional right was a substantial or motivating factor in the adverse action which was purportedly taken against him.

Plaintiff's assertion of conspiracy is set forth in a broad and conclusory manner and is likewise insufficient for purposes of § 1983.  See D.R. by L.R. v. Middle Bucks Area Vocational Technical Sch., 972 F.2d 1364, 1377 (3d Cir. 1992); Young v. Kann, 926 F.2d 1396, 1405 n.16 (3d Cir. 1991)(a plaintiff in stating a conspiracy claim cannot rely on subjective suspicions and unsupported speculation).

v. Fringe Emp. Plans, Inc., 611 F. 2d 474, 479 (3d Cir. 1979)).

However, when the federal claim is dismissed prior to trial, a

district court should decline to decide the pendent state claims,

"unless considerations of judicial economy, convenience, and

fairness provide an affirmative justification for doing so."

Borough of West Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir.

1995).

     Since this Court has granted summary judgment in favor of the

Defendants with respect to all of Shawley's § 1983 claims,

jurisdiction will be declined with respect to Plaintiff's pendent

state law negligence claim.  An appropriate Order will enter.


                                   S/Richard P. Conaboy
                                   United States District Jude




DATED: FEBRUARY 22, 2006

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


|                          |   |                          |
|--------------------------|---|--------------------------|
| STEVEN ALLAN SHAWLEY,    | : |                          |
|         Plaintiff        | : |                          |
|                          | : |                          |
|      v.                  | : | CIVIL NO.3:CV-04-2405    |
|                          | : |                          |
|                          | : | (Judge Conaboy)          |
| PENNSYLVANIA DEPARTMENT OF | : |                        |
| CORRECTIONS, ET AL.,     | : |                          |
|         Defendants       | : |                          |

**ORDER**

AND NOW, THIS 22nd DAY OF FEBRUARY, 2006, IT IS HEREBY ORDERED THAT:

1. The Defendants' motion for summary judgment (Doc. 13) is granted.

2. The Clerk of Court is directed to close the case.

3. Any appeal from this Order will be deemed frivolous, without probable cause and not taken in good faith.


S/Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge

17